# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3221

_____

Thomas P. Taylor,                         *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
      v.                                  *   District Court for the Western
                                          *   District of Arkansas.
Michael J. Astrue, Commissioner,          *
Social Security Administration,           *   [UNPUBLISHED]
                                          *
            Appellee.                     *

_____

Submitted: June 7, 2012
Filed: June 26, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas P. Taylor appeals the district court's[1] order affirming the denial of disability insurance benefits and supplement security income. Upon de novo review, see Van Vickle v. Astrue, 539 F.3d 825, 828 (8th Cir. 2008), we agree with the district court that substantial evidence on the record as a whole supports the administrative law judge's (ALJ's) determination that Taylor was not disabled. Specifically, we

_____

[1]The Honorable Erin Setser, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

conclude that it was proper for the ALJ to give little weight to the opinions of neuropsychologist Vann Smith and social worker Dianne Martan, see Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (consulting physician's opinion deserves no special weight); cf. Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011) (treating physician's opinion is given controlling weight if it is not inconsistent with other substantial evidence); and that the ALJ's determination of Taylor's residual functional capacity (RFC) was consistent with the relevant evidence, see Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (it is ALJ's responsibility to determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations; record must contain some medical evidence that supports ALJ's determination); see also Halverson v. Astrue, 600 F.3d 922, 930-31 (8th Cir. 2010) (global assessment of functioning scores may be of considerable help in ALJ's formulation of RFC, but they are not essential to RFC's accuracy). We reject as meritless Taylor's contention that he met or medically equaled the requirements for Listing 12.06. Cf. Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting appellant's conclusory assertion that ALJ failed to consider whether he met certain listings, where appellant provided no analysis of relevant law or facts). We thus affirm the district court, and we deny Taylor's motion to supplement the record.

_____